IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILDER DAMBREVILLE, | |
| Petitioner, | **8:26CV292** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| WARDEN, Sarpy County Jail;  ACTING INTERIM ATTORNEY GENERAL, and MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security; | |
| Respondents. | |

This matter is before the Court on Petitioner Philder Dambreville's petition for a writ of habeas corpus. (Filing No. 1). Dambreville, a noncitizen ordered removed from the United States being held by U.S. Immigration and Customs Enforcement, challenges the adequacy of a bond hearing he received. For the reasons explained below, his petition will be denied.

**BACKGROUND**

Dambreville is a Haitian national and citizen. (Filing No. 1 at 8). He entered the United States in January 2024. (Filing No. 1 at 8). After "presenting himself at the border," Dambreville was ostensibly detained, released, "paroled into the country[,] and placed in removal proceedings." (Filing No. 1 at 8). He has lived in the United States since his release. (Filing No. 1 at 8).

In November 2025, Dambreville was arrested by "local" authorities for public intoxication. (Filing No. 1 at 8). After serving a thirty-day sentence, immigration authorities detained him. (Filing No. 1 at 4). He sought a bond hearing, and a federal district court in the Southern District of Iowa ordered that he receive one. *See Dambreville v. Noem*, 2026 WL 602174, at *5 (S.D. Iowa

Jan. 12, 2026) (Rose, C.J.). That court further ordered that "at the bond hearing, the Government must prove by clear and convincing evidence that Petitioner's continued detention is warranted based on flight risk or dangerousness." *Id.*

Two days later, the immigration judge held the bond hearing. (Filing No. 1 at 9). The immigration judge denied bond after allegedly "question[ing] the allocation of the burden of proof and indicat[ing] that the outcome would be the same regardless of which party bore that burden." (Filing No. 1 at 9). The immigration judge found that Dambreville was a "danger to the community and a flight risk." (Filing No. 1 at 9-10).

Dambreville returned to federal court after that. He sought "an order to show cause, arguing the Immigration Judge failed to apply the clear and convincing evidence standard and that no evidence could support continued detention." *Dambreville v. Noem,* 4:25-cv-00514-SMR-SBJ (S.D. Iowa Jan. 28, 2026). Chief Judge Rose rejected his arguments, reasoning that "the Immigration Judge applied the correct standard" and noting "[a] deeper problem" in that Dambreville was attempting "an end run around administrative review." *Id.* at *3. Dambreville's arguments regarding the immigration judge's decision, the court explained, "belong before the Board of Immigration Appeals[.]" *Id.* And what is more, "Section 1226(e) confines judicial review to ensuring that petitioners receive the procedural protections Congress required—not to reviewing the merits of Executive detention decisions." *Id.* at *4.

At some point, Dambreville was transferred to the Sarpy County Jail in Nebraska. (Filing No. 1 at 10). He was ordered removed from the United States in March 2026. (Filing No. 1-3). Dambreville appealed his case to the Board of Immigration Appeals around one month later, and his administrative proceedings remain pending. (Filing No. 1-3 at 2).

Dambreville now seeks a writ of habeas corpus from this Court. He argues the bond hearing he received "failed to satisfy constitutional requirements" in that the immigration judge "fail[ed] to meaningfully engage with the evidentiary record" and reached a "conclusory determination untethered to the individualized evidence presented." (Filing No. 1 at 3, 5). As a result, he alleges, "[h]is detention has become unreasonably prolonged" in violation of the Fifth Amendment entitling him to release or another bond hearing. (Filing No. 1 at 10-11).

**STANDARD OF REVIEW**

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Dambreville bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**DISCUSSION**

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Dambreville's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Dambreville's arguments fail twice over. *First*, the Court lacks jurisdiction over his challenge to the merits[1] of the immigration judge's decision. Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section [governing, in part, release on bond] *shall not be subject to review*. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.* (emphasis added). That means the Court cannot "second-guess the Immigration Judge's bond decision" as Dambreville asks it to do. *Singh v. Easterwood*, 2026 WL 686830, at *1 (D. Neb. Mar. 11, 2026); *see Gvritishvili v. Mullin*, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026) ("And of course, this Court does not review the immigration judge's decision de novo, or even for an abuse of discretion—this Court doesn't review the immigration

---

[1] To the extent Dambreville alleges the procedural protections he received at the bond hearing were deficient, Chief Judge Rose has already held otherwise. Dambreville "received the procedural protection the Court ordered: a bond hearing where the Government bore the burden of proof." *Dambreville v. Noem*, 4:25-cv-00514-SMR-SBJ, at *4 (S.D. Iowa Jan. 28, 2026).

judge's decision *at all*.") (emphasis in original). As Chief Judge Rose told him in January, Dambreville's "remedy is with the Board of Immigration Appeals, not" a federal court. *Gvritishvili*, 2026 WL 1362439, at \*1.

*Second,* Dambreville's detention has not been "unreasonably prolonged." He was ordered removed from the United States in March 2026, just over three months ago. (Filing No. 1-3 at 1-2). His detention, then, is authorized by 8 U.S.C. § 1231(a), which governs the detention, release, and removal of individuals "ordered removed." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). After the entry of a final order of removal against a noncitizen, the government generally must secure the noncitizen's removal during a ninety-day "removal period." § 1231(a)(1)(A). The statute provides that the government "shall" detain noncitizens during the statutory removal period. § 1231(a)(2).

After the removal period expires, detention becomes discretionary. § 1231(a)(6). But that discretion has limits. *See Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). In *Zadvydas*, the U.S. Supreme Court determined that "read in light of the Constitution's demands," § 1231(a)(6) "does not permit indefinite detention" but instead "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689.

"[F]or the sake of uniform administration in the federal courts," the Supreme Court "recognize[d]" a six-month period where detention is "presumptively reasonable." *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, even if Dambreville's post-removal detention period has expired, he is still well within the six-month period where his detention is presumptively reasonable. *Id.* at 701. Thus, Dambreville's detention does not raise any constitutional issues. He cannot show he is in custody in violation of the law, and his petition for a writ of habeas corpus will be denied.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Philder Dambreville's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 26th day of June, 2026.

BY THE COURT:

_____

Susan M. Bazis
United States District Judge