IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHILDER DAMBREVILLE,

Petitioner,

vs.

WARDEN, Sarpy County Jail;  ACTING
INTERIM ATTORNEY GENERAL, and
MARKWAYNE MULLIN, in his official
capacity, Secretary, U.S. Department of
Homeland Security;

Respondents.

8:26CV292

MEMORANDUM AND ORDER

This matter is before the Court on Petition Philder Dambreville's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) or, in the alternative, for relief from that judgment under Fed. R. Civ. P. 60(b). (Filing No. 5).

Dambreville is a noncitizen detained by U.S. Immigration and Customs Enforcement (ICE) during his removal proceedings. He sought release or another bond hearing through a habeas petition, but the Court denied it in a Memorandum and Order dated June 26, 2026 for two reasons: (1) it lacks jurisdiction over any challenge to the merits of the immigration judge's decision denying him release on bond, see 8 U.S.C. § 1226(e); and (2) since Dambreville had been ordered removed, his detention—governed by 8 U.S.C. § 1231(a)—had not become unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Filing No. 3). Pursuant to its Memorandum and Order, the Court entered a judgment denying Dambreville's petition the same day. (Filing No. 4).

The Court begins with the standards governing Dambreville's motion. The Court has "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1015 (8th Cir. 2012). The limited purpose of Rule 59(e) is "correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b) permits "a

party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). One is where there has been a "mistake[.]" Fed. R. Civ. P. 60(b)(1).

Dambreville asserts the Court made a "manifest error of law" in determining his detention is governed by § 1231(a) and applying the *Zadvydas* framework. (Filing No. 5 at 2). Because his appeal from the immigration judge's order of removal is pending, his argument runs, the removal order is not "administratively final[.]" (Filing No. 5 at 2). He therefore concludes his detention is governed by § 1226(a) and asks the Court to "alter or amend" its Memorandum and Order and vacate its judgment for consideration of a "properly framed § 1226(a) prolonged-detention claim." (Filing No. 5 at 1, 3). In the alternative, Dambreville "seeks relief under Rule 60(b)(1) based on a mistake of law." (Filing No. 5 at 1).

The Court takes Dambreville's point. He is correct that his administrative appeal stopped the ninety-day removal period from beginning to run. *See* § 1231(a)(1)(B)(i). And that appeal means his order of removal is not administratively final. *See* 8 C.F.R. § 1241.1(a). The Court's conclusion that § 1231(a) governs Dambreville's detention, then, is untenable. *See, e.g., Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (holding that "only if [the court of appeals] enter[s] a final order denying [a] petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a)."); *Avilez v. Garland*, 69 F.4th 525, 530-31 (9th Cir. 2023) ("Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings."). The Court will therefore grant Dambreville's motion insofar as it challenges the Court's finding that § 1231(a) governs his detention and its application of the *Zadvydas* framework.[1]

Dambreville's problem is that even evaluating his prolonged detention claim under § 1226(a), he is not entitled to habeas relief. Though his "removal proceedings remain ongoing," (Filing No. 1 at 10), the Eighth Circuit has held that "[d]ue process imposes no time limit on detention pending deportation[.]" *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). "The rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally

---

[1] That said, the Court's application of *Zadvydas* could not have been a surprise to Dambreville. He relied on *Zadyvas* throughout his petition in support of his prolonged detention claim. (Filing No. 1 at 3, 10).

valid.'" *Id.* (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 526). "In other words, the government has more flexibility when dealing with immigration." *Id.*

In the detention context, that flexibility is not temporally limited. "[N]othing suggests that length determines legality" of immigration detention during removal proceedings. *Id.* at 932. "To the contrary, what matters is that detention pending deportation 'ha[s] a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes." *Id.* (quoting *Demore,* 538 U.S. at 528-29); *see* § 1226(a) (authorizing detention "pending a decision on whether the alien is to be removed from the United States."); *Zadvydas,* 533 U.S. at 697 (drawing the same definite-versus-indefinite distinction). There are, then, no "constitutional problem[s]" with detaining a noncitizen during removal proceedings when "deportation is still on the table." *Banyee,* 115 F.4th at 933; *see Demore,* 538 U.S. at 528 ("explaining that, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"). Or more simply put, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still '*pending*.'" *Banyee,* 115 F.4th at 933 (quoting *Demore*, 538 U.S. at 527) (emphasis in original). For Dambreville, they are.

Here, *Banyee* forecloses Dambreville's prolonged detention claim. "What is important is that, notwithstanding the delay, deportation remains a possibility." *Id.* at 933. Dambreville, "after all, is appealing an order that *requires* his removal[.]" *Id.* at 934 (emphasis in original). His detention has a definite termination point: removal or release if he prevails before the Board of Immigration Appeals. His detention during the appellate process is therefore "constitutionally permissible" because his removal "proceedings are still pending." *Id.* at 932, 933 (citation modified).

The Court acknowledges that the noncitizen in *Banyee* was detained under § 1226(c), not § 1226(a). In the Court's view, that is a distinction without a difference. Nothing in *Banyee* suggests

its analysis is cabined to noncitizens detained under § 1226(c)—instead, the Eighth Circuit held broadly that "[d]ue process imposes no time limit on detention pending deportation[.]" 115 F.4th at 930. And as under § 1226(c), "what matters" is that detention under § 1226(a) has "a definite termination point"—removal or release. *Id.* at 932. Other courts have recognized as much in cases involving § 1226(a) detainees. *See, e.g., Prieto-Romero*, 534 F.3d at 1062-63 (rejecting § 1226(a) habeas petitioner's due process claim because he "foreseeably remain[ed] *capable* of being removed—even if it has not yet finally been determined that he *should be* removed—and so the government retains an interest in 'assuring [his] presence at removal.'") (emphasis in original) (citation omitted)); *Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009) (affirming denial of habeas relief because "although [the § 1226(a) detainee] has been detained for a lengthy period of time—as of this writing, approximately nineteen months—he remains capable of being removed, and a decision on his removability appears likely in the reasonably foreseeable future."). Dambreville is therefore not entitled to habeas relief.

To correct any errors of law or fact underlying its earlier disposition, the Court will vacate its prior Memorandum and Order and Judgment. It will enter a new judgment denying Dambreville's Petition for a Writ of Habeas Corpus pursuant to *this* Memorandum and Order. As before, though, the Court lacks jurisdiction over any challenges Dambreville makes to the merits[2] of the immigration judge's decision. 8 U.S.C. § 1226(e). Under that section, "[t]he Attorney General's discretionary judgment regarding the application of this section [governing, in part, release on bond] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.* (emphasis added). That means the Court cannot "second-guess the Immigration Judge's bond decision" as Dambreville asks it to do in parts of his petition. *Singh v. Easterwood*, 2026 WL 686830, at *1 (D. Neb. Mar. 11, 2026); *see Gvritishvili v. Mullin*, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026) ("And of course, this Court does not review the immigration judge's decision de novo, or even for an abuse of discretion—this Court doesn't review the immigration judge's decision at all.") (emphasis in original). As Chief Judge Rose told

---

[2] To the extent Dambreville alleges the procedural protections he received at the bond hearing were deficient, Chief Judge Rose has already held otherwise. Dambreville "received the procedural protection the Court ordered: a bond hearing where the Government bore the burden of proof." *Dambreville v. Noem*, 4:25-cv-00514-SMR-SBJ, at *4 (S.D. Iowa Jan. 28, 2026).

him in January, Dambreville's remedy for any disagreements he has with the immigration judge's decision "is with the Board of Immigration Appeals, not" a federal court. *Gvritishvili*, 2026 WL 1362439, at *1.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Philder Dambreville's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or, in the alternative, for relief from that judgment under Fed. R. Civ. P. 60(b) (Filing No. 5) is granted.

2. The Court's Memorandum and Order (Filing No. 3) and Judgment (Filing No. 4) dated June 26, 2026 are vacated.

3. Pursuant to this Memorandum and Order, Petitioner's Petition for a Writ of Habeas corpus (Filing No. 1) is denied.

4. A separate judgment will be entered.

Dated this 24th day of July, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge